IVAN A. BIDWELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bidwell v. Commissioner
Docket No. 28290-82.
United States Tax Court
T.C. Memo 1985-164; 1985 Tax Ct. Memo LEXIS 471; 49 T.C.M. (CCH) 1132; T.C.M. (RIA) 85164; April 2, 1985. *471 Petitioner filed an altered Form 1040 on which he categorizes his wages as "Non-taxable receipts." Held, wages are subject to tax and damages are awarded to the United States. Ivan A. Bidwell, pro se. Mark E. Rizik, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This case is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121. [1] Petitioner filed a response to the instant Motion. At the hearing on the Motion for Summary Judgment said Motion was taken under advisement. For convenience our Findings of Fact and Opinion are combined. Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1981 in the amount of $7,914.00. The petition alleges that the Commissioner erred in finding petitioner's wages to be taxable income. [2] The petition also contains other frivolous or meritless contentions. [3] In the Answer, respondent denied the petition allegations and requested that the full deficiency *472 set forth in the statutory notice be approved. We must first decide whether any genuine issue of material fact exists to prevent our summary adjudication of the legal issues in controversy. Rule 121.If summary judgment is warranted, we must then decide whether wages earned by petitioner in 1981 are includable in his gross income for that year and whether, on the Court's own motion, an award of damages pursuant to section 6673 *473 should be made. [4]
Certain facts are not disputed. The undisputed documents supplied by respondent in an affidavit with exhibits filed in connection with the Motion [5] *474 and the undisputed facts in the pleadings constitute the facts used for the purposes of this decision. Rule 121(b). Petitioner resided in Detroit, Michigan, when the petition was filed in this case. During the 1981 taxable year, petitioner was employed by North-West Designing Service Inc. and S.W.E. Inc. and received wages totaling $31,287.80. Petitioner submitted to the Internal Revenue Service as his 1981 return an official Treasury Form 1040 which had been changed by inserting on line 23 "Non-taxable receipts." In two places in the left margin of this "form" the word "Income" is replaced by "Receipts." On lines 8a, 11, 18 and 20 the word "income" is replaced by "gain" and on line 21 the word "income" is deleted. Two memoranda were attached to petitioner's purported 1981 return, one of which was styled "FORM--NON-TAXABLE RECEIPTS: ." [6]
On his purported 1981 return, petitioner inserted the amount of $31,287.80 as "Wages, salaries, tips, etc." and attached Forms *475 W-2 reflecting this amount. Petitioner subtracted the identical amount under the heading "Non-taxable receipts." The net effect of these offsetting entries was to create a zero tax liability. Since one of his employers had withheld against the amounts paid petitioner during 1981, petitioner claimed a refund of $2,084.77. The threshold issue is whether a motion for summary judgment is appropriate in this case. We conclude that it is. Rule 121. The summary judgment procedure is availavle even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [7] In passing upon such a motion, the factual materials presented "must be viewed in the light most favorable to the party opposing the motion." ; . Since respondent is the movant, he has the burden of proving *476 there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. There is no dispute between the parties as a factual matter that petitioner received wages during 1981 in the amount of $31,287.80 as reflected on the Forms W-2 which he received from his employers. The only justiciable error that petitioner alleges is that such amount is not taxable, a legal issue. Petitioner does not question and thereby concedes the authenticity of respondent's evidence attached as exhibits to the submitted affidavit. The pleadings, summary judgment motion, affidavit, and exhibits establish that there is no genuine issue as to any material fact, and we find that a decision may be rendered as a matter of law. The burden of proof is upon petitioner with respect to the deficiency set forth in the statutory notice. ; Rule 142(a). Petitioner's frivolous contention that his wages are not taxable has been considered and rejected by this Court in numerous prior cases and merits no further discussion. Section 61; ; ; . *477 [8]
We now consider, on our own motion, whether damages should be awarded under section 6673 for instituting this proceeding primarily for delay. Petitioner's conduct from the filing of his petition has demonstrated that his principal purpose has been to abuse the resources of this Court in order to delay the inevitable time of reckoning with respondent. For that reason, we award damages to the United States under section 6673 in the amount of $500. We also warn petitioner that we are authorized to impose damages in an *478 amount not in excess of $5,000. [9] Petitioner should bear that fact in mind in connection with any further proceeding which he may institute in this Court. An appropriate Order and Decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner also argued that wages he received in 1980 were nontaxable in a second case (docket No. 29401-82) instituted 18 days after the petition in this case was filed. A Memorandum Sur Order dated Dec. 17, 1984 and Order and Decision entered Dec. 19, 1984 in that case held petitioner liable for the determined deficiency and additions to tax pursuant to sections 6651(a)(1) and 6653(a) and awarded damages pursuant to section 6673. ↩
3. For example, petitioner is not entitled to court costs and disbursements which he requests. , affd. without published opinion ; , affd. per curiam , cert. denied .↩
4. Although Respondent's Memorandum of Law in support of the instant Motion requests an award of damages pursuant to section 6673, such damages are not requested in the Motion for Summary Judgment or in the Answer.↩
5. In conjunction with the Motion for Summary Judgment, respondent filed Respondent's Memorandum of Law, an affidavit of Mark E. Rizik, respondent's counsel, who has custody and control over the Commissioner of Internal Revenue's administrative files, and a number of exhibits. These exhibits include: A copy of the statutory notice sent to petitioner for the 1981 tax year; copies of Forms W-2 issued to petitioner for 1981; a copy of petitioner's purported "return" for 1981; and a copy of a Form CSC 8-255-A letter from respondent to petitioner dated July 23, 1982. Additionally, an affidavit of Marjorie A. Wyman, respondent's employee in charge of the Illegal Tax Protestor Team at the Cincinnati Service Center for the Central Region of the Internal Revenue Service, was filed on Feb. 16, 1984.
6. This is one of the 23 cases set on this Court's March 5, 1984 trial calendar involving tampered Forms 1040 and referred to in , on appeal 6th Cir. Sept. 24, 1984.↩
7. Such outside materials may consist of affidavits, interrogatories, admissions, documents, or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), .↩
8. For the reasons set forth in , on appeal 6th Cir. Sept. 24, 1984, we also find that the purported "return" filed by petitioner was not a return for purposes of sections 6011, 6012, 6072, and 6651(a)(1). However, respondent did not assert an addition to tax pursuant to section 6651(a)(1) in the Notice of Deficiency, Answer or Motion for Summary Judgment. Nor did respondent assert an addition to tax pursuant to section 6653(a) stating that said addition was not sought "because of an error in he handling of this case's administrative file." Therefore, additions to tax pursuant to these sections are not issues before the Court.↩
9. Section 292 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574, and sec. 160, Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, increased the amount of damages that may be awarded under section 6673 from $500 to $5,000 for proceedings commenced after December 31, 1982. Section 160 of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, further amended section 6673 to provide for damages up to,5,000 in proceedings pending in this Court after November 15, 1984.↩